**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
BATON ROUGE DIVISION**

DEIDRE SUMMERS,

    Plaintiff,

v.

PROCOLLECT, INC,

    Defendant.

PLAINTIFF'S VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

**COMPLAINT**

DEIDRE SUMMERS ("Plaintiff"), through her attorneys, alleges the following against PROCOLLECT, INC, ("Defendant"):

**INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. (FDCPA).

2. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**JURISDICTION AND VENUE**

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Defendant conducts business in the state of Louisiana, and, therefore, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

6. Plaintiff is a natural person residing in Baton Rouge, East Baton Rouge Parish, Louisiana.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

9. Defendant is a national company located in Dallas, Dallas County, Texas.

10. Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

11. Upon information and belief, Defendant is collecting from Plaintiff on an alleged debt originally owed for charges incurred while moving out of an apartment on or about 2005 or 2006.

12. On or about July, 2011, Plaintiff retrieved her credit report and discovered that Defendant was reporting on it.

13. Plaintiff immediately contacted Defendant to dispute the matter and request validation of the alleged debt.

14. Once Plaintiff called to inquire about the debt, Defendant began to place collection calls to Plaintiff in an attempt to collect.

15. On August 3rd, 2011, Plaintiff sent Defendant via certified mail requesting validation of the debt and to cease and desist all collection calls. (see Exhibit A)

16. Plaintiff also verbally requested that Defendant cease calling and requested again for validation of the debt.

17. Despite having been informed verbally and in writing not to call, Defendant continues to place collection calls.

18. On October 11, 2011, Defendant's agent acknowledged that Plaintiff's account reflects the receipt of Plaintiff's letter but Defendant's agent stated that they will continue to call anyway.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

19. Defendant violated the FDCPA based on the following:

a) Defendant violated §1692c(c) of the FDCPA by failing to cease all communications after consumer notify Defendant in writing to cease and desist all calls.

WHEREFORE, Plaintiff, DEIDRE SUMMERS, respectfully requests judgment be entered against Defendant, PROCOLLECT, INC, for the following:

20. Statutory damages of $1,000 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k.

21. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k

22. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED:  November 9, 2011

> By: /s/ Kelli Denise Mayon
> Kelli D. Mayon
> 4712 Purdue Drive
> Metairie, LA 70003
> kellimayon@gmail.com
>
> Krohn & Moss, Ltd.
> 10474 Santa Monica Blvd. Suite 401
> Los Angeles, CA 90025
> Tel: (323) 988-2400 x 241
> Fax: (866) 861-1390

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, DEIDRE SUMMERS, demands a jury trial in this case.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF LOUISIANA

    Plaintiff, DEIDRE SUMMERS, states the following:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

    Pursuant to 28 U.S.C. § 1746(2), I, DEIDRE SUMMERS, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

_11/01/2011_  
Date

_[signature]_  
DEIDRE SUMMERS

**EXHIBIT A**

8/3/11

Deidre Joy (Rudd) Summers
4830 Kennesaw Dr
Apt A
Baton Rouge, LA 70817


**PROCOLLECT INC**.
12170 Abrams Rd
Suite 100
Dallas, TX 75243-4579

Re: Acct # 4089400167XXXX  - Live Oaks Apartments TVO

To Whom It May Concern:

I am continually being called on the telephone by your firm over an alleged $1707.00 debt. The State of Limitations on this alleged debt, even should it be ours, is 3 years in the state of Louisiana as seen below in Section 2:

SECTION 2.  THREE YEAR PRESCRIPTION

Art. 3494.  Actions subject to a three-year prescription
>The following actions are subject to a liberative prescription of three years:
>(1)  An action for the recovery of compensation for services rendered, including payment of salaries, wages, commissions, tuition fees, professional fees, fees and emoluments of public officials, freight, passage, money, lodging, and board;
>(2)  An action for arrearages of rent and annuities;
>(3)  An action on money lent;
>(4)  An action on an open account; and
>(5)  An action to recover underpayments or overpayments of royalties from the production of minerals, provided that nothing herein applies to any payments, rent, or royalties derived from state-owned properties.
>Acts 1986, No. 1031, §1.

Since the debt is out of the statute of limitations, and you are reporting this on my credit report, you are conducting collection activities on zombie debt. I'm sure you are aware of the provisions in the Fair Debt Collection Practices Act (FDCPA). However, I would like to point out that your firm has violated provisions of the FDCPA by implying that the legal status of the debt is collectible by reporting the alleged debt to the credit bureaus. The exact statute is:

> **[15 USC 1692e]**
> **(2) The false representation of --**
> **(A)   the legal status of the alleged debt**
> **and**
> **(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.**

I am also doubtful that you would have adequate documentation to prove in court that you have the right to report this negative information on my credit report, and therefore you are in violation of the Fair Credit Reporting Act as well as the FDCPA. However, I will give you the chance to prove that you are lawfully entitled to report this information by requesting an investigation.

Under the FDCPA I am also invoking my right to ask you to stop contacting me unless you can provide adequate validation of this alleged debt or notification that you are ceasing collections activities as you are already in violation of Section 805 (b) of the FDCPA, 15 D.C. 91692c (b), Section 806 (2) of the FDCPA, 15 USC 1692d (2) and also Section 806 (5) of the FDCPA, 15 USC 1692d (5).

Please remove this account immediately from my credit report or I will have to take legal remedies which may include lawsuits and notifying our state attorney general's office. In addition, I'm sure your legal staff will agree that non-compliance with this request could put your company in serious legal trouble with the FTC and other state or federal agencies. Under the FCRA and the FDCPA, each violation is subject up to a $1,000 fine, payable to me.


Sincerely,


Deidre Rudd Summers



English    Customer Service    USPS Mobile                                    Register / Sign In

# USPS.COM

Search USPS.com or Track Packages

Quick Tools    Ship a Package    Send Mail    Manage Your Mail    Shop    Business Solutions

## Track & Confirm

GET EMAIL UPDATES    PRINT DETAILS

| YOUR LABEL NUMBER | SERVICE | STATUS OF YOUR ITEM | DATE & TIME | LOCATION | FEATURES |
|---|---|---|---|---|---|
| 70100780000112749649 | | Delivered | August 05, 2011, 12:40 pm | DALLAS, TX 75243 | |

**Check on Another Item**

What's your label (or receipt) number?

Find

| LEGAL | ON USPS.COM | ON ABOUT.USPS.COM |
|---|---|---|
| Privacy Policy › | Government Services › | About USPS Home › |
| Terms of Use › | Buy Stamps & Shop › | Newsroom › |
| FOIA › | Print a Label with Postage › | Mail Service Updates › |
| No FEAR Act EEO Data › | Customer Service › | Forms & Publications › |
| | Site Index › | Careers › |

Copyright© 2011 USPS. All Rights Reserved.



https://tools.usps.com/go/TrackConfirmAction_input?qtc_tLabels